Limitation of actions; homestead entry enlargement; mvneral rights. — Under the Act of February 19, 1909, 35 Stat. 639, plaintiff’s deceased husband, John W. Marr, on July 15, 1924 applied for a homestead entry to 280 acres of public lands in New Mexico, the accompanying affidavit indicating that he believed the land to be nonmineral in character. In 1927 Mr. Marr signed a waiver of any interest in oil and gas in the tract, and in 1929 a patent containing a reservation to the United States of mineral rights was issued to him. In 1949 the Department of the Interior issued a five-year renewable lease to another of the rights of the United States to the oil and gas, and in 1954 Private Law 988 was enacted providing for a quitclaim to Mrs. Marr of the mineral rights of the United States in said land and disclaiming any liability for previously accrued rents or royalties. Mrs. Marr filed this action seeking money damages, asserting that she and her husband were damaged by loss of bonus payments allegedly resulting from wrongful deprivation of their *1090 mineral estate. This case comes before the court on defendant’s motion to dismiss the petition, together with the response in opposition thereto, without oral argument, the court concluding that plaintiff’s alleged claim is barred by the statute of limitations, 28 U.S.C. § 2501, since the latest possible date of accrual would be 1954. See Japanese War Notes Claimants Ass'n v. United States, 178 Ct. Cl. 630, 373 F. 2d 356, cert. denied, 389 U.S. 971 (1967). On October 30, 1970 the court granted defendant’s motion and dismissed the petition.